UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NAVDEEP SINGH, *pro se*,  :
: **MEMORANDUM AND ORDER**
Petitioner,  : **ADOPTING REPORT AND**
: **RECOMMENDATION**
-against-  : 09-CV-138 (DLI) (RML)
:
WILLIAM CONNOLLY, Superintendent, :
:
Respondent. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

On January 7, 2009, *pro se*[1] petitioner Navdeep Singh ("Petitioner") filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction in the Supreme Court of New York, Queens County. By Order dated June 22, 2010, this court referred the petition to United States Magistrate Judge Robert M. Levy. On May 20, 2011, the magistrate judge issued a Report and Recommendation ("R & R"),[2] recommending the petition be denied. Petitioner timely objected. (*See* Docket Entry No. 26, Petitioner's Objection ("Pet. Obj.").) For the reasons set forth below, the R & R is adopted in its entirety and the petition is denied.

## DISCUSSION

**I.     Legal Standards**

   *A.  Review of Report and Recommendation*

Where a party objects to a R & R, a district judge must make a *de novo* determination

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] Familiarity with the R & R, as well as the lengthy procedural history and relevant facts of this case is assumed. (*See generally* Docket Entry No. 25.)

with respect to those portions of the R & R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). If, however, a party makes conclusory or general objections, or reiterates his or her original arguments, the court will review the R & R only for clear error. *Robinson v. Superintendent, Green Haven Correctional Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan,* 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)). Portions of the R & R to which the parties have not objected are also reviewed for clear error. *See Orellana v. World Courier, Inc.*, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

  B. *Antiterrorism and Effective Death Penalty Act*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs the review of petitions challenging state convictions entered after 1996, federal courts may grant habeas relief only if the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An "unreasonable determination" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the

2

prisoner's case." *Id.* at 413. A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the state court's application must have been "objectively unreasonable." *Id.* at 409. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.     Analysis

Objections of parties appearing *pro se* are "generally accorded leniency" and should be read "to raise the strongest arguments that they suggest." *Robinson*, 2012 WL 123263, at *2 (citations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation and internal quotation marks omitted)). Here, Petitioner raises several objections to the R & R: 1) the magistrate judge erred in concluding Petitioner's newly-discovered evidence claim fails to state a ground for habeas relief or, in the alternative, is unexhausted and procedurally barred; 2) the "lower courts'" findings of the sufficiency of the evidence are contrary to, and an unreasonable application of, federal law; 3) trial and appellate counsel rendered ineffective assistance; and 4) an evidentiary hearing should have been granted.

### A. *Newly Discovered Evidence*

#### i. Failure to State a Ground for Habeas Relief

In his habeas application, Petitioner claimed his conviction should be vacated in light of newly-discovered evidence that state witnesses allegedly committed perjury at trial. (*See* Docket Entry No. 3, Petitioner's Amended Habeas Petition ("Pet.") at 9.) Specifically, Petitioner asserted that various internet pictures and text correspondences, which were not posted on the internet until after the trial, showed that state witnesses perjured themselves when they testified that a group known as the "Horsemen" was a basketball team instead of a "violent street gang." (*Id.*) Petitioner previously raised this claim in state court in his second motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10. The state court denied Petitioner's motion, holding "the new items merely impeach the former evidence, defendant fails to establish that such evidence could not have been discovered prior to trial and finally, such evidence would not have changed the outcome of the trial." (Decision and Order, dated Mar. 15, 2007 at 5.) The magistrate judge found Petitioner's newly-discovered evidence claim meritless because it does not state a ground for federal habeas relief, or, in the alternative, is unexhausted and procedurally barred. Petitioner objected, arguing he did state a ground for habeas relief and that the claim was exhausted. (Pet. Obj. at 2-3 (citing R & R at 16).) After *de novo* review, the court finds Petitioner's claim to be without merit.

As the magistrate judge correctly determined, Petitioner's newly-discovered evidence claim, as alleged in his petition, does not state a ground for federal habeas relief. (R & R at 15.) This is so because "[a] claim 'based on newly discovered evidence ha[s] never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" *Ortega v. Duncan*, 333 F. 3d 102, 108 (2d Cir. 2003)

4

(quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).  In his habeas application, Petitioner did not assert an independent constitutional violation in the underlying state proceeding with respect to the newly-discovered evidence claim.  (*See* Pet. at 9.)  Accordingly, Petitioner fails to state a ground for federal habeas relief, and, therefore, the magistrate judge properly denied Petitioner's newly-discovered evidence claim.

        ii.   Exhaustion of State Remedy

Nonetheless, in his habeas reply brief, Petitioner converted his newly-discovered evidence claim into an entirely distinct claim by arguing his due process rights were violated because the prosecutor knew or should have known of the alleged perjury.  (*See* Docket Entry No. 24, Petitioner's Reply Brief ("Rep. Br.") at 3, 10-11.)  Petitioner thus objects that he believed he properly raised an independent constitutional claim and asks the court to grant him some leniency in light of his *pro se* status.  (*See* Pet. Obj. at 3.)  Even granting this leniency and assuming, *arguendo*, Petitioner alleged an independent due process violation in the habeas petition, the claim is unexhausted, as Petitioner never raised it before the state court, and it is otherwise meritless.

Under 28 U.S.C. § 2254(b) and (c) a petitioner must exhaust his or her state court remedies before a federal court may grant habeas relief to a petitioner in state custody. *Galdamez v. Keane*, 394 F. 3d 68, 72 (2d Cir. 2005).  The exhaustion of state remedies requirement means that a petitioner must present his or her claim to the highest court of the state. *Harris v. Fischer*, 438 F. App'x 11, 13 (2d Cir. 2011) (citing *Galdamez*, 394 F. 3d at 73).  A claim is properly exhausted when the state court has been "fairly apprised" of the factual and legal premises of the constitutional claim. *Id.* (citing *Grey v. Hoke*, 933 F. 2d 117, 119 (2d Cir. 1991)).

5

Here, Petitioner never raised, on direct appeal or in a post-conviction motion, the claim that his due process rights were violated by the prosecutor's alleged knowledge that a state witness presented perjured testimony. (*See* R & R at 6-9 (detailing procedural history of Petitioner's state claims).) Because Petitioner could return to state court and file a motion pursuant to N.Y. Crim. Proc. Law § 440.10 to vacate the judgment on the ground that the prosecutor allegedly knew or should have known of the perjury, in violation of Petitioner's due process rights, this claim remains unexhausted.[3] However, because the court finds the claim to be entirely without merit, notwithstanding Petitioner's failure to exhaust his due process claim, this court still may deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Pratt v. Greiner*, 306 F. 3d 1190, 1197 (2d Cir. 2002) (noting that a district court may deny a petition on the merits even if it contains an unexhausted claim).

   iii. <u>Merits of Petitioner's Due Process Claim</u>

Petitioner argues his due process rights were violated because the prosecutor knew or should have known that certain state witnesses testified falsely at trial. (Rep. Br. at 3, 10-11.) Further, Petitioner appears to assert that the newly-discovered internet pictures and correspondences demonstrate that the prosecutor knew or should have known of the alleged perjury. (*Id.*; Pet. Obj. at 2.) Assuming, *arguendo*, the witnesses committed perjury, Petitioner's

---

[3] Even if the court were to credit Petitioner's additional contention that he exhausted his due process claim by citing *Mooney v. Holohan*, 294 U.S. 103 (1935) in his moving papers when he raised the newly-discovered evidence claim "to the lower courts" (Pet. Obj. at 2), the issue ultimately is moot, as the court finds Petitioner's due process claim to be utterly without merit. *See infra* Part II.A.iii.

claim nonetheless is without merit because, despite his contention, he cannot show the prosecutor actually was aware of the alleged perjured testimony.

"[A] conviction obtained through testimony the prosecutor knows to be false is repugnant to the Constitution." *Drake v. Portuondo*, 553 F.3d 230, 240 (2d Cir. 2009) (citing *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)). Thus, where a prosecutor obtains a conviction using perjured testimony, it is fundamentally unfair and should be set aside. *United States v. Agurs*, 427 U.S. 97, 103 (1976); *Brady v. Maryland*, 373 U.S. 83 (1963); *Mooney*, 294 U.S. at 112. *See also Shih Wei Su v. Filion*, 335 F. 3d 119, 127 (2d Cir. 2003) (citing *United States v. Wallach*, 935 F. 2d 445, 456 (2d Cir. 1991) (reversal is virtually automatic where it is established the government knowingly permitted the introduction of false testimony). Accordingly, the Second Circuit has held that "a conviction must be set aside if (1) the prosecution actually knew of [the witnesses'] false testimony, and (2) there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Drake*, 553 F. 3d at 241.

An independent review of the record reveals there is nothing to support Petitioner's contention that the prosecution knew or should have known of the alleged perjury. Accordingly, his claim fails. Indeed, the record reflects that Petitioner adamantly maintained it was impossible to discover the internet postings purporting to show the state's witnesses committed perjury until well after his trial and direct appeal, because, according to Petitioner, the internet postings did not exist until his direct appeal was completed. (Rep. Br. at 4; Pet. Obj. at 2.) Specifically, Petitioner asserts the witnesses did not join the internet websites where they posted the alleged pictures and correspondences until September and October of 2003, over two and one-half years after Petitioner's January 30, 2001 conviction. Moreover, some of the alleged correspondences were not posted on the internet until July and August of 2005, approximately four and one-half

7

years after Petitioner's conviction. (*See* Petitioner's Mem. of Law in Supp. of his Second 440.10 Motion at 5-6, 8 n.5; Rep. Br. at 4.)  Because the purported evidence did not exist until at least two and one-half years after Petitioner's conviction, the prosecutor could not have known of the evidence at the time of trial.  Consequently, the purported evidence in no way demonstrates what the prosecutor actually knew about the veracity of any witness testimony.  Petitioner thus fails the first prong of the *Drake* analysis.  Accordingly, his claim is denied.  28 U.S.C. § 2254(b)(2).

      B.  *Sufficiency of Evidence and Ineffective Assistance*

Petitioner's second and third objections are simply reiterations of arguments he made in his habeas petition and reply brief that are not aimed at any particular finding of the magistrate judge.  Accordingly, those portions of the R & R are reviewed for clear error.  *See Robinson*, 2012 WL 123263, at *1.

Petitioner's second objection is that the state court's finding that there was sufficient evidence to sustain Petitioner's conviction is contrary to, and an unreasonable application of, federal law, because the record does not support the verdict. (Pet. Obj. at 10-11.)  This objection is merely a restatement, in summary form, of the arguments Petitioner set forth in his habeas petition and reply brief.  (*See* Rep. Br. at 13-27 (alleging, *inter alia*, state court's finding that there was sufficient evidence to sustain the conviction was unreasonable and an incorrect application of clearly established federal law).)  This objection is not aimed a particular finding in the magistrate judge's R & R.  Having reviewed the magistrate judge's thorough and well-reasoned determination that Petitioner's sufficiency of the evidence claim is without merit, (R & R at 13-15), the court finds no clear error.  Accordingly, those portions of the R & R are adopted in their entirety.

Petitioner's third objection is that he received ineffective assistance of trial and appellate

counsel. (Pet. Obj. at 11-12.)  Again, Petitioner makes no specific objection to the magistrate judge's findings that trial counsel and appellate counsel did not render ineffective assistance, nor does he identify how the magistrate judge purportedly erred in reaching those findings.  Instead, Petitioner once more simply summarizes the arguments he set forth in his habeas petition and reply brief.  (*See* Rep. Br. at 28-37 (Petitioner allegedly denied effective assistance of trial counsel for failure to call certain witnesses); *see id.* at 39-60 (Petitioner allegedly denied effective assistance of appellate counsel for failure to raise certain claims).)  Having reviewed the magistrate judge's thorough and well-reasoned determinations that Petitioner's ineffective assistance of counsel claims are meritless, (R & R at 16-23), the court finds no clear error.  Accordingly, those portions of the R & R are adopted in their entirety.

  *C.  Evidentiary Hearing*

  Finally, Petitioner objects that the magistrate judge erred in issuing the R & R without first holding an evidentiary hearing. (Pet. Obj. 4-10.)  With the exception of Petitioner's newly-alleged due process claim, the state court adjudicated Petitioner's remaining claims on the merits.  (*See* R & R at 6-9.)  Where, as here, a state court has adjudicated certain claims on the merits, federal habeas review of those claims under 28 U.S.C. § 2254(d)(1) must be limited to the record that was before the state court.  *Cullen v. Pinholster*, ––– U.S. –––, –––, 131 S.Ct. 1388, 1398 (2011).  Accordingly, the magistrate judge properly issued the R & R without first holding an evidentiary hearing on the claims that were adjudicated on the merits before the state court.

  Moreover, a hearing was not warranted on Petitioner's newly-alleged, unexhausted and meritless claim that the prosecutor knew or should have known of the alleged perjured testimony of the state's witnesses.  Pursuant to 28 U.S.C. § 2254(e)(2), a federal habeas court is precluded

9

from holding an evidentiary hearing where the petitioner has failed to develop the factual basis of a claim in a state court proceedings unless the petitioner can show, *inter alia*, "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Here, the facts underlying Petitioner's due process claim – the internet postings – did not exist until at least two and one-half years after the trial, and, accordingly, were unknowable by the prosecution at the time of trial. Because these facts were unknowable at the time of trial, the facts fail to show what the prosecutor actually knew about the veracity of witness testimony. Consequently the internet postings cannot establish by clear and convincing evidence "that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Accordingly, no hearing was warranted on Petitioner's due process claim.

## **CONCLUSION**

For the reasons set forth above, the R & R is adopted in its entirety and the petition for a writ of habeas corpus is denied. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 22, 2012

                                                                                  _____/s/_____
                                                                                   DORA L. IRIZARRY
                                                                       United States District Judge